UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | CASE NO. 25-MJ-00165 |
| | ) | |
| **THOMAS EDWARD NELSON** | ) | |
| *Defendant*. | | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION ORDER

COMES NOW, the Defendant Thomas Edward Nelson ("Nelson"), by and through undersigned counsel, and pursuant to the Bail Reform Act, 18 U.S.C. § 3142, 18 U.S.C. § 3145, and *United States v. Salerno*, 481 U.S. 739 (1987), hereby respectfully moves this Honorable Court for reconsideration of the pretrial detention order issued by Magistrate Judge G. Harvey Michael.

## PROCEDURAL BACKGROUND

Mr. Nelson was arrested on August 21, 2025, and had his initial appearance on August 26, 2025. A detention hearing was held on August 29, 2025 before Magistrate Judge Harvey, who determined that Mr. Nelson had not rebutted the presumption of detention and ordered Mr. Nelson detained pending trial because he was considered a danger to the community. *See generally* Doc. 11, Order of Detention Pending Trial.

## LEGAL STANDARD

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and

(c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). "Nothing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id.* at 1405.

Certain charges, including the felony involving a firearm offense with which Mr. Nelson is charged, carry a rebuttable presumption that no conditions will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(1)(E). The rebuttable presumption does not modify or limit the presumption of innocence (*see* 18 U.S.C. § 3142(j), and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (Kennedy, J.). Generally, courts should refuse pretrial release "[o]nly in rare circumstances" and "only for the strongest of reasons" (*id.* at 1405, 1406).

To overcome the presumption, the defendant must "offer some credible evidence contrary to the statutory presumption." *United States v. Alitishe*, 786 F.2d 364, 371 (D.C. Cir. 1985). The burden is "not heavy" and only requires the production of "some evidence." *United States v. Bustamante-Conchas*, 557 Fed. Appx. 803, 806 (10th Cir. 2014). Notably, the presumption "shifts the burden of production, not the burden of persuasion." *United States v. Jessup*, 757 F.2d 348, 386 (1st Cir. 1985) (Breyer, J.). This means that the government still retains the burden of persuasion to show either (1) by a preponderance of the evidence, the defendant is more likely than not to flee; or (2) by clear and convincing evidence that detention is necessary to ensure the

safety of the community. *See United States v. Jessup*, 757 F.2d 348, 384 (1st Cir. 1985) (Breyer, J.).

The Court must consider and evaluate four factors outlined in 18 U.S.C. § 3142(g) to determine whether conditions of release could be imposed that would reasonably assure a defendant's presence and not put the community at risk. These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.

## ARGUMENT

The D.C. Circuit reiterated the clear and convincing standard that the government must meet to justify detaining a defendant as a danger to the community:

> The crux of the constitutional justification for preventive detention under the Bail Reform Act is that '[w]hen the Government proves by clear and convincing evidence that *an arrestee presents an identified and articulable threat to an individual or the community,* . . . a court may disable the arrestee from executing that threat. . . . Therefore, to order a defendant preventively detained, a court must identify an articulable threat posed by the defendant to an individual or the community.

*United States v. Munchel,* 991 F.3d 1273, 1282-83 (D.C. Cir. 2021) (quoting *Salerno,* 481 U.S. at 751) (emphasis added); *see also United States v. Patriarca,* 948 F.2d 789, 792 (1st Cir. 1991) (explaining that the defendant must pose an actual danger to community, not that the defendant in theory posed a danger to the community). The government cannot meet its burden here, and Mr. Nelson should be released under conditions. The Bail Reform Act factors demonstrate that there are conditions or combinations of conditions that can reasonably assure Mr. Nelson's appearance at trial and protect the public.

### I. The Nature and Circumstances of the Offense

The Indictment charges Mr. Nelson in Count 1 with unlawful possession of a firearm by a convicted felon, in Count 2 with unlawful possession of a firearm, and in Count 3 with

possession of a prohibited weapon. According to the government's detention memorandum (Doc. 9), law enforcement arrested Mr. Nelson at an Exxon Gas station for brandishing a firearm. According to the government, on August 21, 2025, officers observed Mr. Nelson shove an unknown individual in the parking lot of an Exxon Gas station. The government alleges that Mr. Nelson then brandished a firearm and pointed it at Victim-1. Gov. Memo. at 1-2.

The government's assertions are based on speculation and not supported by direct evidence. First, despite the government's claims, there is no evidence that the firearm allegedly possessed by Mr. Nelson is "stolen." The government merely concludes that the firearm is stolen without further explanation. Gov. Memo. at 7. Second, the body-worn camera footage does not show Mr. Nelson brandishing or pointing a firearm at Victim-1. The government's own memo acknowledges that there is no such footage. Gov. Memo at 8. Furthermore, there is no affirmative evidence that Mr. Nelson brandished a firearm to "resolve" a heated argument. Instead, the government imagines this scenario based solely on a lack of evidence to the contrary. Gov. Memo at 8.

Lastly, the government references Mr. Nelson's prior felony conviction as evidence of his "violent history." Gov. Memo at 7. However, Mr. Nelson's prior felony conviction for aggravated stalking occurred over 23 years ago, during a period in which he was struggling with cocaine dependency and notably did not involve the use of any weapons, firearms, or assault. Mr. Nelson has since undergone a drug rehabilitation program and has not had any criminal convictions or engaged in substance abuse since. Except for the latest incident for which he is charged, Mr. Nelson has abstained from drugs and criminal behavior.

## II. The Weight of the Evidence

The weight of the evidence is just one factor, and it should be considered against the presumption of innocence. This factor is the least important. *See United States v. Padilla*, 538 F.Supp.3d 32, 43 (D.D.C. 2021) citing *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir.

1991). Mr. Nelson is innocent until proven guilty, and too much consideration on the weight of the evidence flies in the face of that important constitutional protection. "Even overwhelming evidence of guilt would not, alone, meet [the clear and convincing test]." *United States v. Taylor*, 289 F. Supp. 3d 55, 66, (D.D.C. 2018).

As noted above, the government's proffered evidence hinges on unsupported interpretations of Mr. Nelson's conduct and amounts, at this point, to speculation.

### III. The History and Characteristics of Mr. Nelson

   a. **Community and Family Ties**

Mr. Nelson's history and characteristics demonstrate that there are conditions of release that can reasonably assure his appearance and protect the community. Mr. Nelson has been a resident of the District of Columbia for decades and has significant ties with the community, including a sister and granddaughter in hospice care, whom he visits frequently. If released, Mr. Nelson has his own apartment in D.C., where he can reside.

Furthermore, Mr. Nelson has been employed as a Community Outreach Worker for Community of Hope, where he serves at-risk communities by connecting them to critical medical, behavioral, and social health services. Mr. Nelson also conducts seminars around D.C., including visits to public schools, elder care facilities, homeless shelters, and the D.C. Jail. Mr. David Sternberg hired Mr. Nelson for this position in 2022 and has submitted a Character Statement for this Court's consideration. (See attached Exhibit 1). Based on his experience, Mr. Sternberg considers Mr. Nelson to be a "hardworking, trustworthy, and mission-driven individual, who truly cares for his community."

Mr. Richard Mayo, Mr. Nelson's supervisor, has also written a Character Statement for this Court's consideration. (See attached Exhibit 2) In his letter, Mr. Mayo describes Mr. Nelson's tireless work ethic and willingness to help his community by setting up events to connect residents to resources or by sharing meals with them. Both Mr. Mayo and Mr. Sternberg

are aware of the charges against Mr. Nelon and find the allegations to be uncharacteristic of Mr. Nelson.

### b. Medical Conditions

Beyond ties to the community, Mr. Nelson also suffers from chronic medical conditions that should be considered by this Court in determining his pretrial detention. Mr. Nelson has a history of heart attack and currently takes medications for high blood pressure, diabetes, and high cholesterol. Additionally, Mr. Nelson suffers from vision and hearing impairment, as well as chronic back problems, which significantly limit his mobility. Mr. Nelson's chronic pain and medical conditions require ongoing medical care and physical therapy, which would be interrupted by pretrial detention. Pretrial detention would likely exacerbate his conditions and create unnecessary risk to his health.

### IV. The Nature and Seriousness of the Danger to Any Person or the Community

The government has not and cannot provide clear and convincing evidence to support a finding that Mr. Nelson would be a danger to the community if released. First, the dangerousness analysis "does not turn on any generalized, backward-looking assessment" of the offender or the crime. *Munchel,* 991 F.3d at 1286 (Katsas, J., concurring). "Instead, it turns on a specific, forward-looking assessment of whether" the individual "currently pose[s] an unmitigable threat to public safety." The government has not and cannot provide specific evidence to support a finding that Mr. Nelson currently poses an unmitigable threat to public safety. Stringent conditions of release can ensure the safety of the community.

### V. Mr. Nelson Must Be Released Because There Are Conditions That Will Reasonably Assure Appearance and Safety.

Mr. Nelson must be released because there are conditions that will reasonably assure the safety of the community and Mr. Nelson's appearance in court. A defendant cannot be detained "unless a finding is made that no release conditions will reasonably assure . . . the safety of the

community" and the defendant's appearance in court. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (quoting 18 U.S.C. § 3142(e)). Here, the government cannot carry its high burden of proving by clear and convincing evidence that there are no release conditions that will reasonably assure the safety of the community. *See id.* at 708 n.8. The government also cannot prove by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. Nelson's appearance in court. Thus, Mr. Nelson should be released.

The following conditions of release under § 3142(c)(1)(B), and any other condition the Court deems necessary, will reasonably assure Mr. Nelson's appearance in court and the safety of the community:

- Home confinement;
- High Intensity Supervision Program;
- Third-party custodian[1];
- Maintain or actively seek employment, *id.* § 3142(c)(1)(B);
- Report on a "regular basis" to pretrial services or some other agency, *id.* § 3142(c)(1)(B)(vi);
- Comply with a curfew, *id.* § 3142(c)(1)(B)(vii);
- Refrain from possessing "a firearm, destructive device, or other dangerous weapon," *id.* § 3142(c)(1)(B)(viii);
- Refrain from "excessive use of alcohol," *id.* § 3142(c)(1)(B)(ix); and
- Refrain from "any use of a narcotic drug or other controlled substance . . . without a prescription," *id.* § 3142(c)(1)(B)(ix).

Because there are conditions of release that will reasonably assure Mr. Nelson's appearance in court and the safety of the community, he should be released.

---

[1] Mr. Nelson's sister, Petrina Nelson, and his longtime girlfriend, Constance Shuler, are both available for screening to serve as third-party custodians.

VI. **Conclusion**

For the foregoing reasons, Mr. Nelson respectfully requests that this Court release him with conditions.

Respectfully submitted,
**ROSENBERG & FAYNE LLP**

*Peter S. Fayne*

_____
Peter S. Fayne
Bar No. 432832
5400 Kenilworth Avenue
Riverdale, MD 20737
(301) 864-2900
*pfayne@rosenberg-fayne.com*

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System which will send notification of this filing to all parties.

*Peter S. Fayne*

_____
Peter S. Fayne