UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 25-MJ-165 |
| THOMAS EDWARD NELSON, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION**

Defendant Thomas Edward Nelson should remain detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm). Defendant Nelson engaged in an argument with another individual and, in apparent attempt to prove his point, drew, brandished, and pointed a loaded ghost gun at that individual. The firearm did not have a serial number and was loaded with a 15 round extended capacity magazine. Following a detention hearing on August 29, 2025, Magistrate Judge Harvey ordered the Defendant detained pending trial after finding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

Judge Harvey's ruling was consistent with the Government's recommendation and Pretrial Services' recommendation. *See* Pretrial Services Report (PSR) at 1.

**FACTUAL BACKGROUND**

On August 21, 2025, at approximately 8:33 pm, Metropolitan Police Department's ("MPD") Officers Pierre-Ricot Domond and Esmeralda Segundo-Martinez were on patrol in the Fourth District. The officers witnessed an argument between two individuals standing in the parking lot of an Exxon Gas station located at 4140 Georgia Ave NW. Officers observed one individual (later identified as Thomas Andrew NELSON, the Defendant) shove an unknown

individual (Victim-1). Officer Martinez then observed the Defendant brandish a firearm and point it at Victim-1. Using the firearm, the Defendant backed Victim-1 into the entrance of the Exxon convenience store. Officers activated emergency lights and pulled into the parking lot of the Exxon station. Officer Domond exited the police cruiser, drew his weapon, and commanded the Defendant to drop the firearm. *See* Images 1 and 2.



*Figure 1 – Nelson (in red) holding firearm*



*Figure 2 – Close up on Figure 1*

The Defendant complied with the command and placed the firearm on top of a vehicle. *See* Image 3.



*Figure 3 – Firearm on top of the vehicle (in yellow)*

Upon inspection, the officers identified the firearm as a privately manufactured firearm with engravings "PF940SC POLYMER80, INC, MADE IN DAYTON, NV P80," with 1 9mm round in the chamber and 11 9mm rounds in a 15 round capacity magazine. The firearm appeared to be fully functional, capable of expelling a projectile by means of an explosive action, had a barrel length of less than 12 inches, and the ability to be fired by the use of a single hand. *See* Images 4-5.



*Figure 4 – Firearm with extended magazine visible*



*Figure 5 – Firearm with magazine containing ammunition removed*



*Figure 6 – Close up photo of firearm*

The Defendant was identified by his District of Columbia driver's license, which he had on him, as Thomas Andrew NELSON.  Nelson was convicted in Georgia Case No. CR022604, Chatham County Recorders Court, for Aggravated Stalking, in violation of GA Code § 16-5-91. On May 8, 2003, he was sentenced to 7 months' confinement and 2 years and 5 months' probation. According to police records from that case, the Defendant was first convicted of a simple battery against his wife and placed on probation subject to an order that he have no contact with the victim for one year.  The very same day the Defendant was placed on probation, the Defendant called the victim and said that "courts could not tell them when they could and could not see each other." After the victim reminded the Defendant that he was prohibited from contacting her, he called again numerous times, left voicemail messages, and sent letters to the victim, all in violation of his court-ordered conditions of release.

## PROCEDURAL HISTORY

On August 23, 2025, Magistrate Judge G. Michael Harvey approved a federal criminal complaint against defendant Nelson for the conduct described above, including a violation of 18 U.S.C. § 922(g)(1) (unlawful possession of ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year), 22 D.C. Code § 4503(a)(1) (unlawful possession of a firearm by a prohibited person), and 22 D.C. Code § 4514(b) (possession of a prohibited weapon). The complaint was assigned a docket number on August 25, 2025. The Defendant's initial appearance was held on August 26, 2025, where the Government moved for pretrial detention. The Court ordered the Defendant held without bond pending a detention hearing set for August 29, 2025. On August 29, 2025, after a detention hearing, the Court ordered the Defendant detained pending trial. ECF 11. Since the detention hearing, the only change in circumstance is that the Government has obtained records, which show that, on the very first day that the Defendant was placed on supervision following a conviction for a battery committed against his wife, the Defendant began to harass the victim in violation of a court order, ultimately resulting in a felony conviction.

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e). The Act provides, however, for certain crimes, that there is a rebuttable presumption that no conditions or combinations of conditions will assure the safety of the community. A rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" applies when a Defendant

6

is charged with a felony involving a firearm.  *See* 18 U.S.C. § 3142(f)(1)(E).

In determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. § 3142(g).

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer.  *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues.  *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

A review and understanding of the facts and circumstances in this case demonstrates that there are no conditions or combination of conditions that would ensure the safety of the community should the Defendant be released.  *See* PSR at 1.  The Court should continue to detain the Defendant pending trial.

I.      **The Nature and Circumstances of the Offense Support Detention.**

The first factor to be considered is the nature and circumstances of the offense charged, which weighs in favor of detention.  The Defendant possessed, brandished, and pointed a loaded,

chambered firearm at another individual at a crowded gas station. The firearm was loaded with one round in the chamber. In other words, it was primed and ready to use. The danger posed by this behavior is exactly why the Bail Reform Act contemplates pretrial detention for this charge. *See United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (J. McFadden) (finding that, in the context of determining the nature and circumstances of the offense, a felon "carrying a loaded firearm—especially if the carrier has a violent history, including a conviction for armed robbery— has the great potential to escalate into violence.").

However, Defendant Nelson did not simply possess this illegal firearm—he used it to apparently try to settle an argument. When apprehended, the Defendant spontaneously asked if the officers had seen what "this young boy was out here doing," in an attempt to justify his behavior. Notably, Defendant Nelson never made any statements that he felt in danger, that the other individual was armed, or that the firearm was necessary for his protection. Defendant Nelson was initially agitated and somewhat combative with officers during his detention. Without any valid, legal justification for his actions, the Court is left with the factual scenario that Defendant Nelson pulled a handgun out in the heat of an argument to try to "resolve" it.

Finally, this firearm isn't just a firearm, it is an untraceable, privately manufactured firearm. These types of weapons pose a serious danger to the community, particularly when possessed by prohibited persons, because law enforcement cannot trace such a firearm to its origin and it is difficult to trace shell casings that are expended when the firearm is discharged. Indeed, a judge of this court has relied, in part, on a defendant's possession of a ghost gun in keeping a defendant detained. *See United States v. McSwain,* No. CR 19-80 (CKK) 2019 WL 1598033, at *3 (D.D.C. Apr. 15, 2019) (noting that the Court was "concerned about the potential reasons why [the defendant] was carrying a loaded and untraceable firearm," in denying a defendant's motion

for release). Defendant Nelson's possession of such a weapon should similarly trouble the Court here. Given the Defendant's conduct of possessing an untraceable firearm and his actions *with* that firearm, this factor weighs in favor of detention.

## II. **The Weight of the Evidence Against the Defendant is Formidable.**

The second factor to be considered, the weight of the evidence, also weighs in favor of detention.[1] The Government's case against the Defendant is strong. The instant offense was captured fully on multiple body worn cameras. Additionally, although the firearm was not recovered from the Defendant's person, body worn camera footage captures the Defendant holding the firearm and placing it down on top of his vehicle. Therefore, the strength of the evidence against the Defendant is strong and weighs in favor of detention.

## III. **The Defendant's History and Characteristics Merit Detention.**

The third factor, the Defendant's history and characteristics, weighs in favor of detention. Defendant Nelson is a convicted felon and is prohibited from possession a firearm. While his prior conviction is quite old, Defendant Nelson has not, as far as the Government can tell, moved to vacate it or have his rights to possess a firearm restored. Indeed, the fact that Defendant Nelson possessed an *illegal*, untraceable firearm shows that he knew he should not possess such a weapon

---

[1] This factor should be equally weighed. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 WL 1778194, at *8. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

and went through non-legal means to arm himself. Moreover, the Defendant's prior felony conviction arose from stalking a victim in direct violation of court-ordered release conditions.

## IV. The Defendant Presents a Danger to Our Community.

The fourth and final factor, the danger to any person or the community posed by the Defendant's release, similarly weighs in favor of detention. Despite knowing he was a convicted felon, Defendant Nelson possessed an untraceable, loaded firearm, with a round chambered. The state of readiness of that firearm demonstrates that the Defendant was ready, willing, and able to commit another crime against members of the community. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *see also United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public.").

The Defendant's willingness to carry a loaded firearm and his willingness to use that firearm to threaten another individual, simply because he was mad, demonstrates the danger he poses to the community. Therefore, this factor weighs in favor of detention.

## CONCLUSION

There is no condition or combination of conditions that would ensure the Defendant's compliance with court-ordered release conditions. As Defendant Nelson's behavior, actions, and criminal history make clear, he poses a risk to the community. For all the foregoing reasons, the Government respectfully requests that the Court continue to detain the Defendant pending trial.

                      Respectfully submitted,

                      JEANINE FERRIS PIRRO
                      UNITED STATES ATTORNEY

By:    */s/ Jacob M. Green*
        JACOB M. GREEN
        Assistant United States Attorney
        MA Bar No. 706143
        601 D Street NW
        Washington, DC 20530
        (202) 803-1617
        Jacob.green3@usdoj.gov